IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEAWE BRADLEY DEAN MAHINA PAI, KAHEANA KATHLEEN KAWALE PAI,<br><br>                Plaintiffs,<br><br>    vs.<br><br>COUNTY OF HAWAII, JOHN DOE 1, JOHN DOE 2, JOHN DOES 3-10, JANE DOES 1-10,  DOE CORPORATIONS 2-10,  DOE GOVERNMENTAL ENTITIES 1-10,<br><br>                Defendants. | CIV. NO. 19-00440 JAO-RT<br><br><br>FINDINGS AND RECOMMENDATION TO 1) GRANT DEFENDANT COUNTY OF HAWAIʻI'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND 2) DISMISS THIS ACTION; AND 3) ORDER VACATING TRIAL DATE AND DEADLINES |

**FINDINGS AND RECOMMENDATION TO 1) GRANT DEFENDANT COUNTY OF HAWAIʻI'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND 2) DISMISS THIS ACTION; AND 3) ORDER VACATING TRIAL DATE AND DEADLINES**

Defendant County of Hawaiʻi's ("Defendant") Motion for Sanctions Against Plaintiffs for Failure to Obey the Court's Discovery Order, Dated June 24, 2020 ("Motion" or "Motion for Sanctions") (ECF No. 52), filed on July 2, 2020, came on for a telephonic hearing on August 13, 2020 (ECF No. 57).  Attorney Sinclair Salas-Ferguson appeared on behalf Defendant.  Plaintiffs Keawe Bradley Dean Mahina Pai ("Mr. Pai") and Kaheana Kathleen Kawale Pai ("Mrs. Pai") (collectively "Plaintiffs") failed to oppose or respond to the Motion and failed to appear for the hearing.  The Court took the Motion for Sanctions under advisement.

On August 12, 2020, the Court issued an Order to Show Cause, requiring each Plaintiff to file a statement explaining why they failed to comply with the applicable rules, failed to prosecute their case, and failed to appear at scheduled hearings.  ECF No. 56.  Plaintiffs failed to file their statements by the August 28, 2020 deadline and failed to appear at the September 3, 2020 hearing on the Order to Show Cause.

The Court recognizes that Plaintiffs are proceeding pro se and thus provided them with multiple opportunities to comply.  However, Plaintiffs failed to litigate several matters, including the Motion for Sanctions and Order to Show Cause.  Plaintiffs have consistently and repeatedly failed to prosecute, comply with deadlines, and respond to Court Orders.  It appears that Plaintiffs have abandoned this litigation.  After careful review and evaluation of the records in this case, the five factors under Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002), and the applicable law, the Court FINDS and RECOMMENDS that the district court dismiss this action without prejudice.

BACKGROUND

A.    Plaintiffs' Attorneys Withdraw as Counsel, and Plaintiffs are Informed of Their Obligations as Pro Se Litigants.

When Plaintiffs filed their Complaint on August 13, 2019, Michael J. Green, Esq. and Peter C. Hsieh, Esq. were their attorneys.  ECF No. 1.  On March 5, 2020, Plaintiffs' counsel filed a Motion to Withdraw as Counsel.  ECF No. 21.   Plaintiffs' attorneys cited substantial irreconcilable differences of opinion, unreasonable financial burden on counsel, and counsel's belief that Plaintiffs' objectives were imprudent as good cause for the Court to permit the withdrawal.  ECF No. 21-1.  On April 27, 2020, the Court issued

an Order granting the Motion to Withdraw as Counsel.  ECF No. 27.  "Plaintiffs [were]

informed by their attorneys of their obligations to comply with all court rules and

procedures as pro se plaintiffs[.]"  Id.

B.     Mr. Pai Failed to Appear at the April 30, 2020 Hearing, Mrs. Pai Received Notice
       of the June 12, 2020 Telephone Conference, and Mrs. Pai Confirmed Her Address
       on the Record

A telephone conference was held on April 30, 2020 regarding Plaintiffs' status.

ECF No. 30.  Mr. Pai did not appear and failed to give prior notice of his intention to

miss the hearing.  However, Mrs. Pai appeared and informed the Court at the hearing that

Mr. Pai will not be participating.  The Court advised Mrs. Pai that unless successor

counsel appears, Plaintiffs "will be responsible for prosecuting this action and complying

with all deadlines, court rules and orders."  Id.  Defendant's counsel reminded Mrs. Pai

that the deadline for Plaintiffs to respond to Defendant's discovery requests was soon

approaching.  Mrs. Pai then confirmed her current address on the record.  The Court

informed Mrs. Pai that all court dates and deadlines would not be adjusted and that a

telephone conference was set for June 12, 2020 at 9:30 a.m.  A copy of the minutes from

the April 30, 2020 telephone conference was mailed to Plaintiffs and was not returned to

the Court as undeliverable.

C.     Plaintiffs Failed to Appear at the June 12, 2020 Telephone Conference.

On June 12, 2020, Plaintiffs failed to appear for a telephone conference.  ECF No.

44. Mrs. Pai had actual notice of the June 12, 2020 telephone conference because she

was present when it was scheduled.  See ECF No. 30.  Further, the Court had mailed

notice of the June 12, 2020 telephonic hearing to Plaintiffs.  At the June 12, 2020

telephone conference, the Court cautioned Plaintiffs that "they [were] responsible for

prosecuting this action, appearing at all proceedings and complying with all deadlines,

court rules and orders."  ECF No. 44.  The Court further warned Plaintiffs that "[f]ailure

to do so may result in imposition of sanctions to include, but not limited to, dismissal of

this action and judgment entered against them."  Id.  A copy of the minutes from the June

12, 2020 telephone conference was mailed to both Plaintiffs.

D.   Plaintiffs Failed to Oppose, Respond to, or Appear for the Telephonic Hearing on
     Defendant's Motion to Amend the Rule 16 Scheduling Order and Motion to
     Compel Discovery.

On May 5, 2020, Defendant filed a Motion to Amend the Rule 16 Scheduling

Order to Extend the Deadlines for the Filing of Dispositive Motions and Disclosure of

Expert Testimony ("Motion to Amend").  ECF No. 32.  Defendant alleged that the

extension was sought because of difficulties obtaining discovery from Plaintiffs.  Id.  On

May 12, 2020, Defendant filed a Motion to Compel Discovery.  ECF No. 35.  Defendant

alleged that Plaintiffs had not responded to discovery requests, and Defendant was unable

to contact Plaintiffs directly.

On June 18, 2020, Plaintiffs failed to appear for the hearing on the Motion to

Amend (ECF No. 32) and Motion to Compel Discovery (ECF No. 35).  ECF No. 48.  The

Court again cautioned Plaintiffs that sanctions, including dismissal and entry of judgment

against them, may be imposed for failure to prosecute, failure to appear for all

proceedings, and failure to comply with all deadlines, court rules and orders.  The Court

granted the motions and required Plaintiffs to fully respond to Defendant's outstanding discovery requests by no later than July 1, 2020 ("Discovery Order").  The Court cautioned that failure to meet this deadline may result in sanctions.  A copy of the minutes was sent to Plaintiffs.

E.    Plaintiffs Failed to Submit Confidential Settlement Conference Statements and Failed to attend the August 4, 2020 Settlement Conference.

On August 4, 2020, Plaintiffs failed to appear for the settlement conference and failed to submit a confidential settlement conference statement as required.  Defense counsel stated that he did not have any recent communication with Plaintiffs and that Plaintiffs failed to comply with the Court's Discovery Order.  The Court again cautioned Plaintiffs of their obligation to litigate and follow the applicable rules.  A copy of the minutes was sent to Plaintiffs.

DISCUSSION

A.    The Court has the Authority to Dismiss This Case

Courts have the authority to dismiss a case for lack of prosecution or for failure to comply with court orders.  See Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rule") also provides for the dismissal of a case and/or sanctions when a plaintiff fails to prosecute.  Under Local Rule 11.1, a party's failure to comply with any provision of the Local Rules is grounds for sanctions, including a dismissal.  Local Rule 81.1 also provides that pro se litigants who fail to abide by the local, federal, and other

applicable rules and/or statutes may face sanctions, including entry of default judgment

or dismissal with prejudice.  Under Local Rule 16.1, a self-represented party failing to

prosecute the case with diligence may face "sanctions, including dismissal of the case

after notice and an opportunity to be heard."   Local Rule 16.5(b)(3) imposes sanctions

when a party fails to attend a settlement conference or fails to be available by telephone.

"Failure to timely deliver a Confidential Settlement Conference Statement may also

result in sanctions."  LR16.5(b)(3).

Since April 2020, Plaintiffs have failed to appear at Court hearings, failed to

prosecute their case and/or defend against Defendant's motions, failed to comply with

Court orders, failed to comply with the applicable Court and procedural rules, and failed

to submit a confidential settlement conference statement.  As such, the Court has the

authority under the Local Rules to recommend the dismissal of this case.

B.     The Five Pagtalunan Factors Weigh in Favor of Dismissal

In deciding whether dismissal is appropriate, the Court must weight five (5)

factors under Pagtalunan:

> (1)  the public's interest in expeditious resolution of litigation; (2) the court's
> need  to  manage  its  docket;  (3)  the  risk  of  prejudice  to
> defendants/respondents; (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits."

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963

F.2d 1258, 1260-61 (9th Cir. 1992)).  The Court, having careful evaluating and weighting

of these factors, FINDS and RECOMMENDS that this case be DISMISSED WITHOUT

PREJUDICE.

1.     The Public's Interest in the Expeditious Resolution of Litigation

This first factor "always favors dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Given the delays caused by Plaintiffs' failure to comply with the Court's Discovery Order, failure to participate in a settlement conference, and blatant disregard of the applicable rules, this factor weighs heavily in favor of dismissal.

       2.     The Court's Need to Manage Its Docket

The second factor also weighs in favor of dismissal as Plaintiffs' routine noncompliance has consumed the Court's time that could have been devoted to other cases.  Id. ("[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ").  "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and public interest."  Id. (citing Yourish, 191 F.3d at 990).  In this case, the Court has held hearings on the various motions filed by the Defendant.  If Plaintiffs intended to concede to the Motion to Amend (ECF No. 32) or Motion to Compel Discovery (ECF No. 35), they should have filed a statement of no opposition.  This would have obviated the need for the hearings.  Further, Plaintiffs' failure to respond to the Motion for Sanctions led the Court to issue and hold a hearing on the Order to Show Cause.

       3.     Risk of Prejudice to the Defendant

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  Id. (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  The Courts have "recognized that pendency of a lawsuit is not sufficiently

prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

"Limited delays and the prejudice to a defendant from the pendency of a lawsuit are

realities of the system that have to be accepted, provided the prejudice is not compounded

by 'unreasonable delays.'" Pagtalunan, 291 F.3d at 642 (quoting Ash v. Cvetkov, 739

F.2d 493, 496 (9th Cir. 1984)).

  In this case, Defendant is prejudiced as it is unable to defend against Plaintiffs'

allegations.  Plaintiffs repeatedly failed to respond to Defendant's discovery requests and

further ignored this Court's Discovery Order.  As a result, Defendant has had to seek an

amendment to the Rule 16 Scheduling order to extend the dispositive motions and expert

testimony disclosure deadlines.  The trial date of November 2, 2020 is approaching fast,

and Defendant is unable to defend this lawsuit without discovery.  Defendant has also

been prejudiced as it cannot communicate with Plaintiffs to resolve disputed issues (thus

avoiding filed motions) and was deprived of the opportunity to seek a resolution of this

case.

  Further, "[w]hen a party offers a poor excuse (or, in this case, no excuse) for

failing to comply with a court's order, the prejudice to the opposing party is sufficient to

favor dismissal."  Young v. Dist. Court Judges, No. 20-CV-00335-DKW-RT, 2020 WL

4810109, at *1 (D. Haw. Aug. 18, 2020) (citation omitted).  Accordingly, this factor

weighs in favor of dismissal.

  4. <u>Availability of Less Drastic Alternatives</u>

  When Plaintiffs' attorney sought a withdrawal of counsel, Plaintiffs were informed

of their obligation to follow all court rules and procedures.  See ECF No. 27.  During the

April 30, 2020 telephone conference, the Court informed Mrs. Pai of her responsibility to prosecute this action.  ECF No. 30.  When Plaintiffs failed to appear at the June 12, 2020 telephone conference, the Court cautioned Plaintiffs about their obligations and warned them that the failure to prosecute and/or follow the rules may result in sanctions, including the dismissal of this action and judgment.  ECF No. 44.

On June 18, 2020, even though Plaintiffs did not respond to Defendant's motions, the Court nevertheless held the hearing to allow Plaintiffs the opportunity to speak.  ECF No. 48.  Plaintiffs did not appear for the hearing.  The Court granted Defendant's Motion to Amend and Motion to Compel Discovery.  The Court again cautioned Plaintiffs about their responsibility to prosecute this action, appearing for all proceedings, and complying with all deadlines, court rules and orders.  Plaintiffs were sent a copy of the minutes on the June 18, 2020 hearing.

On August 4, 2020, Plaintiffs failed to attend the settlement conference.  Plaintiffs also failed to submit a confidential settlement conference statement.

In addition, the Court had sent notices to Plaintiffs regarding scheduled hearings and the Court's disposition on the various motions.  These notices have not returned to the Court as undeliverable.  However, even if Plaintiffs have not been receiving the Court's notices at the address they provided, it is Plaintiffs' responsibility to ensure that the address given to the Court is current.  LR83.1(e)(1) & (2).  Self-represented litigants are required to file with the court and serve on all parties a Notice of Change of Address within fourteen (14) days.  In fact, the failure to comply with the change of address requirement may also result "in sanctions, including . . . dismissal of the case . . . when . .

. [a] document directed to the . . . self-represented litigant by the court has been returned to the court as not deliverable . . . "  LR 83.1(3)(2)(a).

Time and time again, the Court has provided Plaintiffs with the opportunity to prosecute, comply, or appear.  Even as Defendant moved for dismissal, Plaintiffs were given two opportunities to oppose: once in response to Defendant's Motion for Sanctions, and a second time when Plaintiffs were given the opportunity to respond to the Court's Order to Show Cause.  In fact, even when faced with the possibility of dismissal through the Motion for Sanctions and/or Order to Show Cause, Plaintiffs did not respond or attend the hearings.

The record reflects that Plaintiffs have consistently and repeatedly failed to prosecute or comply.  It is clear that less drastic alternatives are not available and if imposed, Plaintiffs will not likely comply.  Accordingly, this Court FINDS that this factor weighs in favor of dismissal.

> 5.    Public Policy Favoring Disposition of Cases on Their Merits

This last factor "favors disposition of cases on the merits."  Pagtalunan, 291 F.3d at 643.  As such, this factor weighs against dismissal of this case.

> 6.    The Five Factors Favor Dismissal Without Prejudice

The Court FINDS that four (4) out of the five (5) factors weigh in favor of dismissal.  The fifth factor, public policy, is far outweighed by the other factors.  Accordingly, the Court FINDS the five Pagtalunan factors weigh in favor of dismissal.  Plaintiffs' failure to prosecute provides sufficient grounds to dismiss the case without

prejudice.   Accordingly, the Court FINDS that dismissal is appropriate and RECOMMENDS that the district court dismiss all claims.

CONCLUSION

The Court FINDS that Plaintiffs failed to comply with the applicable rules, failed to prosecute and meet its obligations, and failed to abide by this Court's Discovery Order despite multiple warnings by the Court informing Plaintiffs of their duty to prosecute and comply with the rules.  The Court further finds that the five Pagtalunan factors weigh in favor of dismissal of this case without prejudice.  Accordingly, the Court FINDS and RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

The current trial date and all deadlines are VACATED.

The Clerk's office is directed to mail a copy of this Findings and Recommendation to each Plaintiff.

Any party to this litigation may file and serve an objection to the Findings and Recommendation within fourteen (14) days after being served.  "The objection must specifically designate portions of the . . . findings and recommendations to which the party is objecting and the basis of the objection."  LR74.1(a).  A party opposing the objection may file and serve a response to the objection within fourteen (14) days after service of the objection.  Failure to meet the deadline to object or respond constitutes a waiver of the objection or response.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) ("Failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact"); Baxter v. Sullivan, M.D., 923 F.2d 1391, 1394

(9th Cir. 1991) ("we have held that parties who do not object to a magistrate's report waives their right to challenge the magistrate's findings").  No reply will be permitted.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 4, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00440 JAO-RT; *Pai, et al. v. County of Hawaii, et al.*; Findings and Recommendation to 1) Grant Defendant County of Hawaiʻi's Motion for Sanctions Against Plaintiffs and 2) Dismiss this Action; and 3) Order Vacating Trial Date and Deadlines